STATE OF NORTH CAROLINA v. WILLARD BUCK MITCHUM

No. 7320SC85

(Filed 14 February 1973)

**Homicide § 26— second degree murder — instructions**

The trial judge's charge to the jury in a second degree murder case contained no improper expression of opinion and fully and correctly defined second degree murder and all of its constituent elements.

APPEAL by defendant from *Webb, Judge,* 4 September 1972 Session of Superior Court held in RICHMOND County.

Defendant, Willard Buck Mitchum, was charged in an indictment, proper in form, with the murder of Betty Thomas Shaw. Upon defendant's plea of not guilty, the State offered evidence tending to show that on 24 May 1972, James Martin Hough and the deceased Betty Thomas Shaw, returned from a date to the home of deceased at about 11:30 p.m. Upon entering the home, "Mr. Mitchum, the defendant, came from the living room area and started cutting the deceased. He slit the left side of her neck and she fell to the floor and he started stabbing her." An autopsy disclosed 21 stab wounds in deceased's body and indicated that death resulted from massive internal hemorrhage caused by penetration of the heart and lungs. Defendant stated to Hough, "You son of a bitch, she's my woman." Then he cut Hough with a knife.

Defendant testified that he loved the deceased and had been dating her for between one and two years. On 24 May 1972, he received a telephone call from the deceased breaking their date for that night because "[s]he said she was not feeling well." Defendant telephoned the home of deceased at 10:00 p.m. When she did not answer, he became concerned for her welfare and asked a friend to drive him to her home. Defendant testified:

"I was sitting on the porch when Mrs. Shaw and Mr. Hough drove up. I told Mrs. Shaw that I wanted to talk

State v. Mitchum

with her and that after I talked with her I would get a cab and leave. She invited me in. Mr. Hough went in also. We went into the kitchen area. I was going to get a beer and the next thing I knew Mr. Hough and I were fighting and tussling. Mrs. Shaw tried to interfere and she got cut in the neck. I ran to her and grabbed her and tried to see if she would talk to me. Mr. Hough was right in the middle of the kitchen."

Defendant stated:

"I can't explain how Betty Thomas Shaw got stabbed 21 times. When I left her and Mr. Hough she was still on the floor. The only thing I noticed is that she was cut in the neck."

From a judgment imposing a prison sentence of thirty years entered on a verdict of second degree murder, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney C. Diederich Heidgerd for the State.*

*Benny S. Sharpe for defendant appellant.*

HEDRICK, Judge.

Defendant's three assignments of error relate to the court's instructions to the jury.

First, based on two specific exceptions to the instructions to the jury, defendant contends "the Judge made statements that might have been construed by a jury as the trial Judge's opinion on the matter."

While the instructions complained of might have been better stated, no prejudicial error is made to appear.

By his second assignment of error, defendant contends the court failed to instruct the jury that malice is a constituent element of second degree murder.

When the charge is considered contextually, it is clear that the judge correctly defined second degree murder and all of its constituent elements.

The errors assigned are not sustained. Defendant's trial in Superior Court was free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.